

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT

SPECIAL FEDERAL LITIGATION DIVISION
100 Church Street, 3rd Floor
New York, NY 10007

**JOSEPH GUTMANN**
phone: (212) 356-2659
fax: (212) 356-3508
email: jgutmann@law.nyc.gov

September 20, 2018

**VIA ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:      <u>Aitabdellah Salem v. City of New York, et al.</u>,
                  17-CV-4799 (JGK)

Your Honor:

      I am an Assistant Corporation Counsel and the attorney for defendants City of New York and Commissioner Joseph Ponte in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice, § 2(B), I write to respectfully request that the Court schedule a pre-motion conference, wherein defendants intend to request permission to move to dismiss plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12.

**I.**      **<u>Background</u>**

      By way of background, plaintiff initially filed the instant action on June 25, 2017, alleging violations of his constitutional rights arising from his detention in the custody of the New York City Department of Correction (hereinafter "DOC"). (*See* Docket Entry No. 1) Plaintiff filed an Amended Complaint on November 9, 2017. (Docket Entry No. 51)  Defendants moved to dismiss plaintiff's Amended Complaint on January 23, 2018.  (Docket Entry No. 59) On August 1, 2018, the Court granted defendants' motion in its entirety without prejudice. (Docket Entry No. 73).  On September 6, 2018, plaintiff filed a Second Amended Complaint. (Docket Entry No. 74).

      In the Second Amended Complaint, plaintiff alleges violation of substantive due process under the Fourteenth Amendment; violation of procedural due process under the Fourteenth Amendment; municipal liability; and unreasonable seizure under the Fourth Amendment (*See generally* Docket Entry No. 74).  Because the Court has already analyzed and dismissed claims identical or substantially similar to those pled in the Second Amended Complaint in its August 1,

2018 Opinion and Order, and for the reasons stated in defendants' initial motion to dismiss in this matter, defendants possess a good faith basis on which to move for dismissal of all claims alleged against City Defendants pursuant to Fed. R. Civ. P. 12.

### I. Fourteenth Amendment Substantive Due Process Claim.

Plaintiff's purported substantive due process claim appears to be premised on the theory that defendants have a policy of "holding pretrial detainees on one dollar bail without informing the detainees that their bail status has changed to one dollar" and that plaintiff was held on one dollar bail under this policy. (*See* Docket Entry No. 74, ¶¶ 242). As the Court set forth in its August 1, 2018 Opinion and Order, in order to state a substantive due process claim, plaintiff "must plead that the defendants' conduct was so egregious or outrageous that it 'shock[ed] the conscience.'" (*See* Docket Entry No. 73, at 11-12 (internal citations omitted)). The Court explicitly held that defendants' purported failure to produce plaintiff to Court, and plaintiff's continued detention on one dollar bail "[did] not meet the standard required to be considered outrageous." (*Id*. at 12).

To the extent that plaintiff is now arguing that the practice of holding inmates in custody on one dollar bail is itself a violation of substantive due process, defendants have no personal involvement in that purported violation. The definition of bail and the procedures by which bail is fixed in New York are codified in New York State Criminal Procedure Law §§ 510 – 530. The City of New York and Commissioner Joseph Ponte have no personal involvement in the defining and fixing of bail, and are merely charged with detaining individuals for whom bail has not yet been paid. As such, defendants cannot be held liable for the generalized practice of holding inmates on one dollar bail. At a minimum, defendants are entitled to qualified immunity on the grounds that there is no clearly established law stating that holding an inmate on an unpaid $1.00 bail is unconstitutional. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that officials may claim qualified immunity so long as they have not violated a "clearly established" right).

### II. Fourteenth Amendment Procedural Due Process Claim.

Plaintiff's Second Amended Complaint also alleges that defendants violated his procedural due process rights by violating established procedures. As the Court set forth in its August 1, 2018 Opinion and Order, "[b]ecause random misconduct cannot be anticipated and prevented by the government, 'acts of government officials [do] not violate procedural due process so long as the government provides a meaningful remedy subsequent to the deprivation.'" (*See* Docket Entry No. 73, at 15 (internal citations omitted)). In his Amended Complaint, plaintiff did not assert that remedies through Article 78 or a habeas petition under New York state law are inadequate. Therefore, the Court previously held, "his claim of a procedural due process violation fails." (*Id*. at 16) In his Second Amended Complaint, plaintiff has similarly not asserted that remedies through Article 78 or a habeas petition under New York state law are inadequate. As such, his claim of a procedural due process violation must similarly fail.

### III. Municipal Liability Claim.

Plaintiff's purported municipal liability claim arising from his DOC detention must fail because the Second Amended Complaint fails to establish any actionable violation of plaintiff's constitutional rights. There can be no municipal liability under § 1983 where the plaintiff fails to allege a valid underlying constitutional deprivation. *Johnson v. City of New York*, 551 Fed. Appx. 14, 15, 2014 U.S. App. LEXIS 1137, 2014 WL 223432, at *1 (2d Cir. Jan. 22, 2014)

Moreover, the Second Amended Complaint is devoid of factual material from which the Court may plausibly infer that plaintiff's constitutional rights were violated as the result of a City policy or custom. In order to prevail on a 42 U.S.C. § 1983 claim, plaintiff must show that a municipal policy or custom caused the deprivation of their constitutional rights. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 - 91 (1978). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Further, the "mere assertion that a municipality has such a policy is insufficient to establish *Monell* liability." *Perez v. City of New York*, 97 Civ. 2915 (FB), 2002 U.S. Dist. LEXIS 4297, at *4 (E.D.N.Y. Mar. 14, 2002). Plaintiff fails to show that any alleged deprivation of his liberty was attributable to the City of New York. Pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), municipalities are not subject to liability under § 1983 a theory of *respondeat superior*, but rather on the basis that their policies or customs "inflict[ed] the injury upon the plaintiff." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). Additionally, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985).

Here, plaintiff's theory of *Monell* liability appears to be that defendants violated his constitutional rights by failing to communicate to plaintiff that his bail had been reduced to one dollar. (*See* Docket Entry No. 74, ¶ 326). Plaintiff fails to identify any specific policy or practice as the moving force behind these allegedly unconstitutional injuries. (*See* Docket Entry No. 74, ¶¶ 312-353). Plaintiff offers only conclusory allegation that such a policy exists without including any further averments of fact from which the Court may plausibly infer the existence of such a custom or practice, let alone that it proximately caused a violation of plaintiff's constitutional rights.  This is insufficient to maintain a municipal liability claim.

### IV. Fourth Amendment Unreasonable Seizure Claim.

Plaintiff alleges that he should have been free from custody following his scheduled Court appearances on November 28, 2014 and January 21, 2015.  (*See* Docket Entry No. 74, ¶ 363).  Because he was taken back to Rikers Island following these Court appearances until his bail was paid and he was released, plaintiff alleges that he was wrongfully seized from November 28, 2014 through April 15, 2015.  (*See id*., ¶¶ 360-65).  As noted by the Court previously, "the defendants had a sufficient legal justification to continue to detain Salem while his bail in the 2014NY088542 case remained unpaid."  (*See* Docket Entry No. 73, at 10). Because defendants had a sufficient legal justification to continue to detain plaintiff prior to his bail being paid on April 15, 2015, defendants cannot be held liable on plaintiff's unreasonable seizure claim.

**V.      Conclusion**

In light of the foregoing, defendants believe they have a good faith basis on which to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12. Defendants therefore respectfully request that the Court schedule a pre-motion conference. Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/

Joseph Gutmann
*Senior Counsel*
Special Federal Litigation Division

cc:     Welton Kemilious Wisham *(By ECF)*
         *Counsel for Plaintiff*